# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

KEITH AZZARELLO AND SALVATORE AZZARELLO,

    Plaintiff,

vs.

CHOICE LEGAL GROUP, P.A.,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiffs, KEITH AZZARELLO AND SALVATORE AZZARELLO, by and through undersigned counsel, and brings this action against the Defendant, CHOICE LEGAL GROUP, P.A. ("CHOICE LEGAL"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

4. Venue in this District is proper because Plaintiffs reside in Broward County,

*FD-2210*

Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      At all times material hereto, Defendant, CHOICE LEGAL was and is a Professional Association incorporated under the laws of the State of Florida, duly licensed to transact business in the State of Florida, and has a principal address in Broward County.

6.      At all times material hereto, CHOICE LEGAL regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7.      Defendant, a law firm, "regularly," through litigation, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. 1692a(6).

8.      At all times material hereto, CHOICE LEGAL regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

9.      At all times material hereto, CHOICE LEGAL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10.     At all times material hereto, the Plaintiff, was and is a natural persons, and is a "consumer" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

11.     At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

12.     Defendant sought to collect a debt from Plaintiffs arising from an alleged debt incurred by Plaintiffs for personal, family, or household purposes; more specifically, the debt at issue was a promissory note secured by a mortgage on Plaintiffs' primary residence.

## BACKGROUND AND GENERAL ALLEGATIONS

13. On or about October 10, 2008, Plaintiffs entered into a promissory note agreement with First Guaranty Mortgage Corporation (the "Note").

14. The Note was secured by a mortgage on Plaintiffs' residence located at **** NW 94 Avenue, Coral Springs, FL 33065 (the "Mortgage").

15. On or about June 9, 2012, a foreclosure action was filed against Plaintiffs in Broward County, Florida, bearing Case No. CACE1217307, and styled as *Wells Fargo Bank, N.A. v. Azzaerello, et al.* (the "Foreclosure").

16. Upon information and belief, CHOICE LEGAL is counsel of record for Wells Fargo Bank, N.A. ("WELLS FARGO") in the Foreclosure.

17. Subsequent to the Foreclosure being filed, Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") to fight to save their home.

18. After much discussion, Plaintiffs determined their best chances of saving their home would be through a loss mitigation program.

19. On or about September 29, 2014, Loan Lawyers, on behalf of Plaintiffs, submitted a loss mitigation package ("LMP") to WELLS GARGO via fax.

20. On or about September 30, 2014, Loan Lawyers emailed CHOICE LEGAL a copy of the LMP that was faxed to WELLS FARGO.

21. That same day, CHOICE LEGAL emailed Loan Lawyers a confirmation that a LMP had been submitted.

22. During this time, the Foreclosure was set for trial on October 7, 2014, at 9:00AM.

23. On October 7, 2014, the above-trial was continued until December 30, 2014, at 9:00AM (the "Trial").

FD-2210

24. On November 24, 2014, WELLS FARGO requested additional documentation for the LMP.

25. Thereafter, Plaintiffs submitted the documentation requested.

26. On December 22, 2014, Loan Lawyers received a correspondence from WELLS FARGO stating that WELLS GARO had "received the documentation you sent us supporting your request for mortgage assistance. And thank you for responding to our request."

27. A true and correct copy of the correspondence is attached hereto as Exhibit "A".

28. Pursuant to 12 C.F.R. § 1024.41(g), a servicer that has received a loss mitigation application more than 37 days before a foreclosure sale "*shall not move for foreclosure judgment*" unless:

> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

29. To date: (1) WELLS FARGO has not provided Plaintiffs with a notice pursuant to 12 C.F.R. § 1024.41(c)(1)(ii); (2) Plaintiffs have not rejected all loss mitigation options offered by the servicer in connection with the LMP submitted; and (3) Plaintiffs have not failed to perform under an agreement on a loss mitigation option.

30. In light of having received the December 22, 2014, letter, Loan Lawyers contacted CHOICE LEGAL and notified them of the continuation of the loss mitigation process, which began in September 2014. Further, Loan Lawyers informed CHOICE LEGAL that their client, WELLS FARGO, would be in violation of 12 C.F.R. § 1024.41(g) if they proceeded with the Trial.

31. Notwithstanding and in direct contravention to 12 C.F.R. § 1024.41(g), CHOICE LEGAL contacted Loan Lawyers via email on December 29, 2014, informing Loan Lawyers that their client—WELLS FARGO—will proceed with Trial.

### COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(5)

32. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 31.

33. 15 U.S.C. §1692e(5) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

34. CHOICE LEGAL, as counsel for WELLS FARGO, has violated 15 U.S.C. §1692e(5) by informing Plaintiffs' counsel that they intend to proceed with Trial, irrespective of CHOICE LEGAL being fully aware that their client cannot legally proceed with Trial pursuant to 12 C.F.R. § 1024.41(g).

35. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e(5).

36. Plaintiffs have hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendant CHOICE LEGAL for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

FD-2210

## **DEMAND FOR JURY TRIAL**

Plaintiff, KEITH AZZARELLO AND SALVATORE AZZARELLO, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
Michael Citron, Esq.
Florida Bar No.: 105083
E-mail: michael@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiffs*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786

*FD-2210*